United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PATTEN,<br><br>         Plaintiff,<br><br>   v.<br><br>LAKE COUNTY, SHERIFF RODNEY MITCHELL, DEPUTY CARLA HOCKET, DEPUTY JOE DUTRA, DETECTIVE COREY PAULICK, DEPUTY BARRY CLARK, DEPUTY MORSHED, LAKE COUNTY SHERIFF'S DEPARTMENT, JOHN DOE 1,<br><br>         Defendants<br>                                      / | No. C 09-3750 WHA (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br><br><br><br><br><br><br><br>(Docket No. 3) |

This is a pro se civil rights complaint under 42 U.S.C.1983 filed by a California prisoner proceeding pro se. He has been granted leave to proceed in forma pauperis in a separate order.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff contends that defendants violated his constitutional rights by conducting an illegal search and seizure of his truck. According to plaintiff, this illegal search and seizure led to his conviction on one count of burglary, for which he is presently serving a prison term. Prior to his trial, he filed a motion to suppress the evidence seized on the same grounds alleged here, namely that the search and seizure was illegal. The motion to suppress was denied.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct.

2364, 2372 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.*

When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. An action under 42 U.S.C. 1983 seeking damages for an alleged illegal search and seizure of evidence upon which criminal charges are based is barred by *Heck* until criminal charges have been dismissed or the conviction has been overturned. *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th Cir. 2000)

It is clear from the complaint that the conviction has not been invalidated, so it fails to state a cognizable claim under Section 1983 and must be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** without prejudice. In light of this dismissal, the motion for appointment of counsel (docket number 3) is **DENIED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October  16 , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\PATTEN3750.DSM.wpd