IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PATTEN,<br><br>    Plaintiff,<br><br>  v.<br><br>LAKE COUNTY; SHERIFF RODNEY MITCHELL; DEPUTY CARLA HOCKET; DEPUTY JOE DUTRA; DETECTIVE COREY PAULICH; DEPUTY BARRY CLARK; DEPUTY MORSHED; JONES AUTOMOTIVE; JOHN DOE 1,<br><br>    Defendants<br>                                    / | No. C 09-3750 WHA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW AUTOMATIC ADMISSIONS; DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, FOR RECONSIDERATION AND FOR SANCTIONS; GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME; DIRECTING DEFENDANT JONES AUTOMOTIVE TO SHOW CAUSE RE. DEFAULT JUDGMENT**<br><br>(Docket Nos. 24, 28, 3, 60, 61, 64, 66) |

This is a pro se civil rights complaint under 42 U.S.C.1983 filed by a California prisoner proceeding pro se. Plaintiff's amended complaint was ordered served upon defendants. All defendants have appeared in this matter except for defendant Jones Automotive.

The defendants who have appeared (hereinafter "defendants") have filed a motion to withdraw, pursuant to Rule 36(b) of the Federal Rules of Civil Procedure, automatic admissions. Plaintiff opposes the motion. Defendants have shown that defense counsel was not aware of the requests for admissions ("RFAs") because plaintiff had served them upon defendant Deputy Sheriff Joe Dutra and not upon defense counsel. Plaintiff was apparently unaware that defendants had retained counsel. Dutra did not forward the RFAs to counsel

because he assumed counsel had been served by them. Unaware of the RFAs, defense counsel did not respond to them in a timely fashion. Counsel became aware of the RFAs only upon receipt of plaintiff's motion for summary judgment, which is entirely based upon defendant Dutra's deemed admissions. Defense counsel thereafter promptly responded to the RFAs. As defendants have shown good cause for their failure to respond to the RFAs earlier, and because allowing defendants to withdraw the automatic admissions would "promote the presentation of the merits of the action" and would not prejudice plaintiff, defendants motion to withdraw the automatic admissions pursuant to Rule 36(b) (docket number 32) is **GRANTED**. Plaintiff's motion for summary judgment (docket number 28), based entirely on said automatic admissions, is consequently **DENIED**.

Plaintiff has filed two motions for sanctions based on their denial of various allegations he has made. This is not a grounds for sanctions. Plaintiff also alleges that they have not produced various items of discovery, but defendants have shown that these items have in fact been produced. Plaintiff's other grounds for sanctions are equally meritless. His motions for sanctions (docket numbers 60 and 66) are **DENIED**.

Good cause appearing, plaintiff's request for an extension of time in which to respond to defendants' motion for summary judgment (docket number 64) is **GRANTED**. Plaintiff's motion for reconsideration (docket number 24) of the order denying his request for appointment of counsel is **DENIED** for want of exceptional circumstances. As noted previously, the court will appoint counsel if the circumstances so warrant at a later date. Plaintiff need not, and should not, file further requests for appointment of counsel.

Plaintiff has filed a motion for default judgment against defendant Jones Automotive. The Marshal was ordered to serve Jones Automotive, and has returned the summons to the court with an indication that service was executed by mail on July 16, 2010. To date, Jones

//

//

2

1  Automotive has not appeared in this action, however.  Defendant Jones Automotive is ordered
2  to show cause, within thirty days of the date this order is filed, why plaintiff's motion for
3  default judgment (docket number 61) should not be granted.

**IT IS SO ORDERED.**

Dated: October __21__, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\PATTEN3750.MOT.wpd