IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON McCORD PATTEN, | No. C 09 3750 WHA (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING MOTION TO CLARIFY AND SUPPLEMENT** |
| v. | |
| SHERIFF RODNEY MITCHELL; DEPUTY CARLA HOCKETT; DEPUTY JOE DUTRA; DETECTIVE COREY PAULICH; DEPUTY BARRY CLARK; DEPUTY MORSHED; JONES AUTOMOTIVE, | |
| Defendants. / | (Docket Nos. 39, 90, 98, 110) |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. 1983 against Sheriff Rodney Mitchell, Detective Corey Paulich, Deputy Carla Hockett, Deputy Joe Dutra, Deputy Barry Clark, and Deputy Mike Morshed (the "Lake County defendants"), all employees of the Lake County Sheriff's Office ("LCSO"). Plaintiff also sues Jones Automotive ("Jones Auto"), a private business. The Lake County defendants and Jones Auto filed separate motions for summary judgment. Plaintiff filed separate oppositions to both motions, defendants filed replies to those oppositions, and plaintiff filed a response to the Lake County defendants' reply. In addition, plaintiff filed a cross-motion for summary judgment. Defendants filed separate oppositions to that motion, and plaintiff filed separate replies to those oppositions. After consideration of all of these papers, and for the reasons set out below,

defendants' motions for summary judgment are **GRANTED**. Plaintiff's cross-motion for summary judgment is **DENIED**.

**STATEMENT**

The following factual background is based on allegations in the first amended complaint, the parties' declarations, the documentary evidence submitted in connection with the motions for summary judgment, and the California Court of Appeal's opinion affirming plaintiff's burglary conviction.

On July 31, 2006, Douglas Patten reported that his house had been burglarized of several items (Hockett Decl. ¶ 4). He told Deputy Hockett of the LCSO that he suspected his nephew, plaintiff, was responsible (*id.* at ¶ 7). On August 21, 2006, Parole Officer Eckenrod, and Deputies Hockett, Thomas, and Dutra of the LCSO, located and arrested plaintiff while he was standing outside of a house (Lake County Defs.' Request for Judicial Notice ("RJN"), Exh. B at 3–4). Hockett was the arresting officer, and while searching plaintiff she uncovered keys for a 1987 Volvo sedan parked on the neighboring property (*id.* at 4). Plaintiff was a parolee with a search condition as a term of his parole, so Eckenrod requested that one of the deputies open the Volvo's trunk in order to perform a parole search (*id.* at 4–5). Inside the trunk, Eckenrod identified several items that were similar to items that Douglas Patten had reported stolen (*id.* at 5). He decided to impound the Volvo because it was getting dark and he believed that the officers on the scene would not be able to search all of the contents of the car thoroughly at that time (*ibid.*).

Dutra contacted Frank Jones, one of the owners of a private company named Jones Auto that occasionally worked with law enforcement agencies (Jones Decl. ¶ 1). Dutra told him to tow and store the Volvo (*id.* at ¶ 2). The deputies informed Jones that plaintiff was in possession of the vehicle but was not the registered owner, and they also told him that they had placed an "agency hold" on the vehicle, meaning that only law enforcement personnel were to have access to the car and its contents (*ibid.*; Claudia Jones Decl. ¶¶ 2–3).

Nine days later, on August 30, 2006, Detective Paulich and Deputy Clark of the LCSO met with Douglas Patten at Jones Auto (Paulich Decl. ¶ 4; Clark Decl. ¶ 4). After looking

1  through the Volvo's windows, Patten told the investigators that he could see a camera case and
2  a black pool cue case similar to ones taken in the burglary (Clark Decl. ¶ 5). Later that day,
3  Paulich and Clark searched the Volvo pursuant to a warrant and uncovered several items that
4  Patten identified as having been stolen during the burglary (*id.* at ¶ 6–8; Paulich Decl. ¶ 4).
5  Also, Paulich took several photographs of the Volvo's interior and its contents to supplement
6  the inventory that Dutra had made at the scene (Paulich Decl. ¶ 4).

7  According to Claudia Jones, a co-owner of Jones Auto, after the search the LCSO
8  investigators removed some items from the Volvo and informed her that the car was "released"
9  (Claudia Jones Decl. ¶ 5). She understood this to mean that, like any other towed car, if the
10 Volvo car were not claimed and the towing and storage fees were not paid, then a lien could be
11 placed on the car and it could be sold at auction after proper notice to the interested parties
12 (*ibid.*). Plaintiff denies that the car was ever "released" by the LCSO to Jones Auto. A lien
13 accrued on the Volvo, and on or about October 7, 2006, Jones Auto conducted an auction and
14 sold the car for $500 (Claudia Jones Decl. ¶ 10). Claudia Jones believed that the police had
15 removed any personal property that had plaintiff's name on it, and Jones Auto, believing that
16 plaintiff had chosen to abandon the rest, either donated or disposed of the remaining property
17 (*id.* at ¶ 11).

18 Approximately one and a half years later, in the spring of 2008, plaintiff went to Jones
19 Auto to claim the Volvo and its contents (Patten Decl. 2:15–17). He was informed by Jones
20 Auto employees that all the property was "gone" (*id.* at 2:23–24).

21 Plaintiff was charged in the Lake County Superior Court with residential burglary and
22 receiving stolen property. He filed a motion to suppress the evidence obtained from the search
23 of the Volvo, but the motion was denied. On April 28, 2008, plaintiff pleaded guilty to burglary
24 and admitted a prior strike, and he was sentenced to state prison for a term of eight years. ON
25 October 30, 2009, the California Court of Appeal affirmed both plaintiff's conviction and the
26 denial of his motion to suppress. He filed the instant case on August 17, 2009.

3

# ANALYSIS

**A.  MOTIONS FOR SUMMARY JUDGMENT**

### 1. Summary Judgment Standard

Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Ibid.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the nonmoving party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Ibid.*

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings to demonstrate the existence of a genuine dispute of material fact by "citing to specific parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

When the parties file cross-motions for summary judgment, the district court must consider all of the evidence submitted in support of both motions to evaluate whether a genuine issue of material fact exists precluding summary judgment for either party. *The Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir. 2001).

4

2. <u>Plaintiff's Claims</u>

Plaintiff claims that: (1) the Lake County defendants violated his Fourth Amendment rights by subjecting him to an unreasonably prolonged search; (2) all defendants violated his Fourteenth Amendment right to due process by disposing of his Volvo and its contents without providing proper notice; and (3) all defendants are liable for under state law for general negligence, professional negligence, and breach of contract.

a. <u>Fourth Amendment</u>

Plaintiff claims that Deputies Hockett, Dutra, Clark, and Morshed, Detective Paulich, and Sheriff Mitchell violated his Fourth Amendment right to be free from unreasonable search and seizure when they "seized, towed, stored, and ultimately lost Plaintiff's vehicle" (First Amd. Compl. 7). Specifically, he argues that the Lake County defendants subjected him to an "unreasonably prolonged" search when they impounded the Volvo on the day of his arrest and searched it nine days later, rather than completing the search on the scene (Opp. to Lake County Defs.' MSJ 3–9).

Plaintiff's claim is barred by the doctrine of collateral estoppel because it was already litigated in state court. Under the Federal Full Faith and Credit Statute, 28 U.S.C. 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 80–81 (1984). There is no exception to the rule of issue preclusion for federal civil rights actions under 42 U.S.C. 1983 — the Supreme Court has made it clear that a Section 1983 claim brought in federal court is subject to principle of issue preclusion by a prior state court judgment. *See id.* at 83–84; *Allen v. McCurry*, 449 U.S. 90, 97–98 (1980).

Under California law, collateral estoppel, commonly known as issue preclusion, prohibits the re-litigation of issues decided in a prior proceeding if: (1) the issue is identical to the one decided in a prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the decision in the prior proceeding was final and on the merits; and (5) the party against whom preclusion is

5

sought is the same or is in privy with the party from the prior proceeding. *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990).

The California Court of Appeal affirmed plaintiff's conviction and denied his claim that the search and seizure of the Volvo and its contents violated the Fourth Amendment. In the state appellate court, plaintiff claimed, as he does here, that the LCSO employees' decision to impound the Volvo and search it on a later date constituted an "unreasonably prolonged" search in violation of his Fourth Amendment rights. The issue was actually litigated, as it was raised and briefed by the parties in the state courts. *See Barker v. Hull*, 191 Cal. App. 3d 221, 226 (1987). The Court of Appeal explicitly decided the claim, finding that the search and seizure were reasonable, not unnecessarily "prolonged," and did not violate the Fourth Amendment (RJN, Exh. B at 10). The opinion of the state appellate court affirming the trial court's decision was also a final judgment on the merits. Finally, plaintiff was a party in the prior case as well as in the party against whom preclusion applies here. In short, all of the elements of collateral estoppel are fulfilled, and plaintiff is precluded from relitigating the issue of whether the Lake County defendants' conduct in impounding and later searching the Volvo violated the Fourth Amendment.

Plaintiff also claims that his Fourth Amendment rights were violated when the Lake County defendants "ultimately lost" the Volvo. This claim is not subject to collateral estoppel because it was not litigated in the state court. Nevertheless, it fails as a matter of law because it is not cognizable under the Fourth Amendment. The loss or destruction of property *in carrying out a search* implicates the Fourth Amendment. *See United States v. Jacobsen*, 466 U.S. 109, 124–25 (1984). Here, however, the property was not lost or destroyed by the Lake County defendants in carrying out the search. Rather, Jones Auto sold the car and disposed of its contents approximately a month and a half after the search had been completed. Plaintiff concedes as much when he states that the disposal of his alleged property is "an issue that is solely the concern of Defendant Jones Automotive" (Opp. to Lake County Defs.' MSJ 25–26). Whether the loss or destruction of plaintiff's property violates his right to due process is addressed below, but plaintiff it does not violate the Fourth Amendment.

Given the undisputed evidence, no reasonable jury could find in plaintiff's favor on his Fourth Amendment claims. Accordingly, defendants are entitled to summary judgment on these claims.

b. Due Process

Plaintiff claims that both Jones Auto and the Lake County defendants violated his due process rights by depriving him of his car and personal property without proper notice. Though the Constitution itself does not confer specific property interests, *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972), a property interest that has been initially recognized and protected by state law may be protected by the Due Process Clause, *Paul v. Davis*, 424 U.S. 693, 710 (1976). Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). Due process only guarantees prior notice, however, if the deprivation of property was the result of "established state procedure." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–37 (1982). Neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Zimmerman v. City of Oakland*, 255 F.3d 734, 737–40 (9th Cir. 2001) (applying *Hudson* outside prison context). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff's due process claim fails because he asserts that the disposal of his car and property was not authorized by state law. He claims that Jones Auto sold the Volvo and disposed of its contents without notifying him, even though Frank and Claudia Jones knew that he was the rightful owner of that property, in violation of California Civil Code § 3072, and California Vehicle Code §§ 22650, 22851, and 22852 (First Amd. Compl. 10; Opp. to Lake County Defs.' MSJ 27; Opp. to Def. Jones Auto's MSJ 4). Plaintiff's due process claim fails under *Hudson* because plaintiff asserts that Jones Auto's disposal of his property was not

authorized by state law. *See Hudson*, 468 U.S. at 533 (1984).  Plaintiff also claims that the Lake County defendants violated his due process rights by failing to inventory the contents of the Volvo, notify plaintiff that the car and its contents were being seized and disposed of, and provide plaintiff with receipts (First Amd. Compl. 8).  These due process claims also fail because the deprivation of property here was assertedly the result of Jones Auto acting in a manner unauthorized by state law.  As a result, due process does not guarantee plaintiff any right to prior notice of the disposition of his property, either by Jones Auto or by the Lake County defendants.  Accordingly, defendants are entitled to summary judgment on plaintiff's due process claims.

          c.      <u>State Law Claims</u>

Plaintiff raises several state law causes of action and requests that the court exercise supplemental jurisdiction over them pursuant to 28 U.S.C. 1367.  A federal court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. 1367(c).  Supplemental jurisdiction over the state law claims is declined under 28 U.S.C. 1367(c)(3) because all federal claims are being denied.  The state law claims are dismissed without prejudice to pursuing them in state court.

**B.**    **MOTION TO "CLARIFY AND SUPPLEMENT"**

Plaintiff's motion to "clarify and supplement" requests clarification of the status of his state law claims, and reconsideration of the dismissal of Lake County as a defendant.  First, as discussed above, supplemental jurisdiction is not being exercised over plaintiff's state law claims, and he may pursue them in state court.  Second, the claims against Lake County were properly dismissed in the order of service because plaintiff did not allege any county policy or custom that caused a constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Consequently, this motion will be denied.

**CONCLUSION**

For the foregoing reasons, defendants' motions for summary judgment (docket numbers 39 and 98) are **GRANTED**, and plaintiff's cross-motion for summary judgment (docket number 90) is **DENIED**. Plaintiff's motion to clarify and supplement (docket number 110) is also **DENIED**.

The clerk shall enter judgment, close the file, and terminate all pending motions.

**IT IS SO ORDERED.**

Dated: July  22 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\PATTEN3750.MSJ.wpd